IDA PONTERY, EXECUTRIX OF THE ESTATE OF WILLIAM KLEINSCHMIDT, DECEASED, PLAINTIFF-RESPONDENT, v. ADOLPH H. PETERS AND LENA PETERS, DEFENDANTS-APPELLANTS.

Submitted May 8, 1937—Decided September 22, 1937.

582

For the appellants, *William J. Baker* (*Samuel Tartalsky,* of counsel).

For the respondent, *John L. Ridley.*

The opinion of the court was delivered by

TRENCHARD, J. This is defendants' appeal from a judgment entered upon the verdict of a jury, in favor of the plaintiff-respondent.

Plaintiff-respondent, Ida Pontery, as executrix of the estate of William Kleinschmidt, deceased, brought suit to recover $1,000 together with interest, on a promissory note made by the defendants-appellants, Adolph H. Peters and Lena Peters, in favor of plaintiff's decedent, William Kleinschmidt. The note was dated July 1st, 1933, and by its terms became due and payable one year from that date. An answer was filed by the defendants in which they deny the execution of the note and deny the allegation of non-payment. Also the defendants filed a counter-claim which alleged, in effect, that the defendants had furnished plaintiff's decedent with board and lodging; that they had rented to him a storage room and workshop and provided certain transportation for him.

At the trial of the case, the defendants admitted signing the note. Plaintiff, executrix, was sworn and testified that she was the daughter of the decedent, William Kleinschmidt; that her father died on May 22d, 1934. She presented in evidence her letters testamentary. She testified that she found the note, which was admitted in evidence, in her father's safe deposit box in the Hudson Trust Company where she went with officers of the inheritance tax bureau. She testified that she had demanded payment of the note, but it had

never been paid to her, although the defendants made some sort of a proposition respecting the giving of a mortgage, which proposition was refused. Plaintiff then rested.

Thereupon Adolph H. Peters, one of the defendants, was called as a witness and testified that he knew the plaintiff's decedent in his lifetime and testified that he had a conversation with the deceased about November 1st, 1932. He was then asked whether that conversation related to the particular note. This question was objected to and overruled, as being within the prohibition of section 4 of the Evidence act. Other questions respecting transactions with the deceased were duly objected to, which objections were sustained, although the defendants contended that the plaintiff, having taken the stand and testified as to the finding of the note, had opened the door for testimony by the defendants as to transactions and conversations by and with the deceased. The defendants then presented other witnesses who testified respecting alleged services supposed to have been rendered by the defendants to plaintiff's decedent. This testimony was met by the plaintiff, in rebuttal, and the question was submitted to the jury which found a verdict in favor of the plaintiff against the defendant for the amount of the note with interest.

The only question presented by this appeal is, therefore, whether or not the plaintiff, by taking the stand and testifying that she found the note and that it had not been paid to her, had opened the door for testimony by the defendants as to transactions with and statements by the deceased.

The solution of that question of course requires an examination of the scope and extent of the bar set up by section 4 of the Evidence act (2 *Comp. Stat.* 1910, *p.* 2218, as amended by chapter 163, laws of 1931, page 305), which act reads as follows:

"4. In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity or as a guardian of a lunatic; provided, this section shall not extend to permit testimony to be given by any party to the action as to

any transaction with or statement by any testator, intestate or lunatic while sound of mind, represented in said action, unless the representative offers himself as a witness on his own behalf and testifies to any transaction with or statement by his testator, intestate or ward, in which event the other party may be a witness on his own behalf as to all transactions with or statements by such testator, intestate or lunatic while of sound mind, which are pertinent to the issue." (Note—the later supplement to the Evidence act (*Pamph. L.* 1931, *p.* 474) need not be considered, since the present case is not within it.)

We think the testimony of the representative plaintiff in the present case did not open the door for the testimony in question offered by the defendants, and that the latter was properly excluded.

As we have pointed out the only testimony offered by the plaintiff was the note itself, her letters testamentary and her statement that after her qualifications as executrix of her father's estate, she went to the Hudson Trust Company with a representative of the inheritance tax department of the State of New Jersey, and there opened her father's safe deposit box and found therein, among other things, the note in question, and that the note had not been paid to her. The contention of the defendants-appellants that this testimony by the plaintiff opened the door for testimony by the defendants of transactions with and statements by the decedent is unsound.

The mere fact that a representative offers himself as a witness on his own behalf is not sufficient to remove the bar against testimony by the defendant as to transactions with and statements by the decedent, unless such representative testifies to a transaction with or statement by his testator, for the statute reads: "unless the representative offers himself as a witness on his own behalf *and* testifies to any transaction with or statement by his testator." The word "and" is conjunctive and not disjunctive, and we assume that the legislature intended to employ the language in its ordinary, popular and usual acceptance. *Gibbons* v. *Ogden,* 8 *N. J. L.* 288;

*McLorinan* v. *Bridgewater Twp.*, 49 *Id.* 614; 1 *Kent Com.* 463; *Heston* v. *Atlantic City*, 93 *N. J. L.* 317, 320; *Buck* v. *Danzenbacker*, 37 *Id.* 359, 361.

Now the testimony of the executrix as to the finding of the note in the safe deposit box of the testator after his death, and of her later request for payment, and the reception into evidence of the note, did not constitute testimony of a transaction with the testator. She testified to nothing which occurred before the death of her testator, her testimony being confined to the granting to her of letters testamentary, to the finding of the note and a request by her for payment, all done after the death of her father, the testator.

It seems unnecessary to pursue this subject further except to point out that our interpretation thus signified is in harmony with our prior decisions in which it has been held in substance that the inhibition of the statute, where the representative party to a suit does not testify to a transaction or conversation with his decedent, is against testimony by the other party touching any transaction with or statement by the decedent; that the design of that legislation is to produce equality between the parties to such a suit, by silencing the one who may, by his own mouth, be able to testify to transactions and conversations with the decedent, possibly to the disadvantage of his estate, unless the representative of that estate should by his own conduct, remove the interdict; that neither the language nor the reason of the legislation extends the disability beyond transactions and conversations in which the decedent participated. *Woolverton* v. *VanSyckel*, 57 *N. J. L.* 393; *Provost* v. *Robinson*, 58 *Id.* 222.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.